UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM W. ABBOTT, JR.                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 1:09cv109-LTS-RHW

STATE OF MISSISSIPPI;                                                    DEFENDANTS
HARRISON COUNTY, MISSISSIPPI;
U.S. BANK, CUSTODIAN FOR SASS MUNI V DTR;
AND REBUILD AMERICA, INC.

## ORDER

This cause of action was remanded [16] to the Chancery Court of Harrison County, Mississippi. Defendants Rebuild America, Inc. and U. S. Bank, as Custodian for Sass Muni V DTR (referred to herein as "Rebuild America" for convenience) have filed a [18] Motion for Reconsideration of the remand order. Plaintiff has [19] responded, and the time for a reply has expired.

While "[t]he Federal Rules do not recognize a 'motion for reconsideration' *in haec verba*," *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994), Rebuild America's arguments are offered under Fed. R. Civ. P. 59 or 60, but they do not satisfy the standards of either rule. The Court remains of the opinion that Rebuild America did not meet its burden once Plaintiff filed his [4] Motion to Remand.

Rebuild America cites the three grounds relevant to its request for relief–an intervening change in controlling law; the availability of new evidence not previously available; and the need to correct a clear error of law or prevent manifest injustice–yet provides no new law or new evidence that was not available to it before or since the remand order was entered. Rebuild America offers a disingenuous explanation for its failure to respond to Plaintiff's [14] Motion to Strike the response, which served as Rebuild America's principal opposition to the motion to remand. Indeed, the "expert" on value offered by Rebuild America in an action in which Plaintiff seeks, among other things, to remove a cloud on title and to quiet and confirm title to land arising from what Plaintiff claims was a flawed tax sale by the Chancery Clerk of Harrison County, now states that his opinion was offered "exclusively for the purpose of obtaining a listing agreement for the subject property" and does not guarantee a property value. *See* unsigned letter of realtor Alain Harpin attached to [18] Motion for Reconsideration, dated the same day as the instant [18] motion was filed. In addition, the assessed value Rebuild America has submitted tardily–and was available as a public record–is still less than the necessary jurisdictional amount.

Rebuild America suggests that the assertions in its removal petition are essentially unassailable, but once challenged by the Plaintiff it went forward to try to "substantiate" the requisite jurisdictional amount. It failed in that regard, and the fact remains that Rebuild America "neither has shown that it is facially apparent that Plaintiff's claims are probably in excess of the $75,000 jurisdictional bar, nor has established the existence of the required amount." If a response to the motion to strike is meaningless, as Rebuild America would have the Court believe, then it follows that the evidence it offered in the first place is of little or no significance.

The Court is not persuaded by this circular position, and is now more certain that it is not apparent that Rebuild America had an idea of the property's value when it filed its Notice of Removal. Also completely overlooked is the fact that Rebuild America obtained putative title through the payment of delinquent taxes and, if the sale is void, is entitled to the return of the purchase money it paid. Finally, Rebuild America will not be allowed the benefit of hindsight to press for remand-related discovery, which may have been a part of its notice of removal (of course, at the time of removal, remand was not an issue), but was not urged–much less mentioned–in the [13] Response in Opposition to the Motion to Remand.

The Court affirms its determination that it does not have subject matter jurisdiction of this cause of action because the requisite jurisdictional amount of damages from Plaintiff's quiet title/cloud removal cause of action is not in controversy, and finds that the decision to remand is not manifestly in error. This is not a matter for speculation or conjecture. The grounds offered by Rebuild America and the relief it requests in its current motion are not well taken.

Accordingly, **IT IS ORDERED:**

Rebuild America's [18] Motion for Reconsideration of the [16] Order Granting Plaintiff's [4] Motion to Remand and Plaintiff's [14] Motion to Strike is **DENIED**.

**SO ORDERED** this the 12th day of May, 2009.

                                                    s/ L. T. Senter, Jr.
                                                    L. T. SENTER, JR.
                                                    SENIOR JUDGE